**IT IS ORDERED as set forth below:**



Date: March 15, 2022

*Susan D. Barrett*
_____
Susan D. Barrett
United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE:<br>FRANK LARISCEY, JR., | ) ) ) | Chapter 11 Case<br>No. <u>21-10495</u> |
| Debtor | ) ) | |
| FRANK LARISCEY, JR., | ) ) | Adversary Proceeding<br>No. <u>21-01005</u> |
| Plaintiff | ) ) | |
| v. | ) ) ) | |
| MEB LOAN TRUST II C/O SPECIALIZED<br>LOAN SERVICING, LLC, | ) ) | |
| Defendant | ) ) | |

### <u>OPINION AND ORDER</u>

Before the Court is a Renewed Motion for Summary Judgment

filed by Frank Lariscey, Jr. ("Plaintiff" or "Debtor") seeking a

determination that at the time Debtor filed his bankruptcy petition the foreclosure sale conducted by MEB Loan Trust II c/o Specialized Loan Servicing, LLC ("MEB") was not final under Georgia law or under the terms of the security deed and the foreclosure ad and therefore the subsequent execution, delivery, and recordation of the deed under power is void ab initio and a violation of the automatic stay.[1]  This is a core proceeding under 28 U.S.C. §157(b)(2)(A), (G), (K), and (O) and the Court has jurisdiction pursuant to 28 U.S.C. §1334.   For the following reasons, Plaintiff's motion is denied.

## UNDISPTUED FACTS

Plaintiff seeks summary judgment based upon the following undisputed facts:

In the early 2000s, Plaintiff and his wife executed a security deed in favor of State Farm Bank, F.S.B. ("State Farm") pledging their home place[2] of 7.93 acres of land with improvements ("the Property") as collateral for a revolving home equity loan of $99,000.00.  Dckt. No. 39, Ex. 1.  The security deed was modified

---

[1] Debtor has two counts labeled as Count III: "COUNT III-Violation of the Automatic Stay" and "COUNT III-Declaratory Judgment-Contractual Requirements to Consummate Foreclosure."  Dckt. No. 39.

[2] Plaintiff and his wife have lived at the Property since the 1980s.  Dckt. No. 65, Tr. 9:14-17.

AO 72A
(Rev. 8/82)

in 2010, and ultimately, assigned to MEB. Id., Exs. 2-4.

The "Power of Sale" provision of the security deed provides:

> Power of Sale. Lender may sell the Property . . . . Lender may execute and deliver to the purchaser or purchasers at any such sale a sufficient conveyance of the Property, or the part thereof or interest therein sold. Lender's conveyance may contain recitals as to the occurrence of an Event of Default, under this Security Deed, which recitals shall be presumptive evidence that all preliminary acts prerequisite to such sale and conveyance were in all things duly complied with. The recitals made by Lender shall be binding and conclusive upon Grantor, and **the sale and conveyance made by Lender shall divest Grantor of all right, title, interest and equity that Grantor may have had in, to and under the Property,** or the part thereof or interest therein sold, and shall vest the same in the purchaser or purchasers at such sale. Lender may hold one or more sales hereunder until the Indebtedness has been satisfied in full. Grantor hereby constitutes and appoints Lender as Grantor's agent and attorney-in-fact to make such sale, to execute and deliver such conveyance and to make such recitals, and Grantor hereby ratifies and confirms all of the acts and doings of Lender as Grantor's agent and attorney-in-fact hereunder.

Dckt. No. 39, Ex. 1, p. 6 (emphasis added).

The language from the foreclosure ad provided: "[t]he sale will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the security deed." Dckt No. 55, Ex. 1 (Notice of Sale Under Power).

AO 72A

(Rev. 8/82)

On August 3, 2021, MEB conducted a foreclosure sale, accepting the bid of Camilla Capital, Inc. ("Camilla") in the amount of $370,000.00.  This successful bid amount substantially exceeds the $108,000.00 owed,[3] and is substantially less than the Property's tax appraised value of $625,644.00.

Three days **after** the foreclosure sale, Plaintiff filed his bankruptcy petition on August 6, 2021.  Then, on August 11, 2021, Debtor filed this adversary proceeding requesting the Court set aside the foreclosure sale and issue a declaratory judgment that the automatic stay prohibited the finalization of the foreclosure.  Thereafter, on September 13, 2021, MEB executed and delivered the deed under power to Camilla.  The deed under power was recorded in the real estate records on September 17, 2021.

## CONCLUSIONS OF LAW

Plaintiff argues the conveyance to Camilla is void ab initio and that MEB's post-petition execution, delivery, and recordation of the deed under power violated the automatic stay. MEB disagrees contending its acceptance of Camilla's pre-petition high bid at the foreclosure sale terminated Plaintiff's equitable right of redemption and therefore its sale to Camilla is valid

---

[3] The excess funds are being held in trust pending the outcome of this adversary proceeding.

AO 72A
(Rev. 8/82)

regardless of when the deed under power was executed, delivered and recorded.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 (internal quotations omitted). Once the moving party has properly supported its motion with such evidence, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Fed. R. Civ. P. 56(e). "In determining whether the movant has met its burden, the reviewing court must examine the

evidence in a light most favorable to the opponent of the motion. All reasonable doubts and inferences should be resolved in favor of the opponent." <u>Amey, Inc. v. Gulf Abstract & Title, Inc.</u>, 758 F.2d 1486, 1502 (11th Cir. 1985)(citations omitted).

**<u>Automatic Stay.</u>**

In order for the automatic stay to have been violated by MEB, the Court must find that the Property was property of Plaintiff's bankruptcy estate protected by the automatic stay.[4]

---

[4] 11 U.S.C. §362(a) states:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
(4) any act to create, perfect, or enforce any lien against property of the estate;
(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

AO 72A
(Rev. 8/82)

"Whether a debtor's equitable right of redemption is terminated by a foreclosure sale is a question of state law." Howard v. Citizens Bank of Cochran (In re Howard), 351 B.R. 251, 255 (Bankr. M.D. Ga. 2006).[5] A debtor's right of redemption held at the time the petition is filed becomes property of the bankruptcy estate. Com. Fed. Mortg. Corp. v. Smith (In re Smith), 85 F.3d 1555, 1557-58 (11th Cir. 1996). "Georgia law provides that a security deed transfers legal title to the property . . . to a grantee, with the grantor retaining equitable title including an equity right of redemption." Taylor v. Wells Fargo Bank, N.A. (In re Taylor), 2018 WL 1267998, at *4 (Bankr. N.D. Ga. Mar. 8, 2018)(citing Leggett v. Morgan (In re Morgan), 115 B.R. 399, 401 (Bankr. M.D. Ga. 1990));

---

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

[5] Federal law determines whether a debtor's interest in property is property of the bankruptcy estate, but the nature and existence of such interest is determined by state law. Butner v. United States, 440 U.S. 48, 55 (1979); Witko v Menotte (In re Witko), 374 F.3d 1040, 1043 (11th Cir. 2004).

3 Daniel F. Hinkel, Pindar's Ga. Real Estate Law & Procedure §21:13 (7th ed. 2021).

The pivotal issue in this matter is whether the Plaintiff's right of redemption terminated at the time the highest bid was accepted at the foreclosure sale, or, as Plaintiff contends, post-petition when the deed under power was executed and delivered.[6] The Georgia Supreme Court discusses the issue in <u>Tampa Inv. Grp., Inc. v. Branch Banking & Tr. Co., Inc.</u>, 723 S.E.2d 674, 677 (Ga. 2012) noting that:

> Where a sale of land is made under a power contained in a security deed, and by permission of the grantor contained in the deed the grantee purchases the land at such sale, the grantor cannot defeat the purchaser's right to have the sale fully consummated, by tender of the amount of his indebtedness to the grantee before the actual execution of the deed pursuant to the terms of the sale. . . .
>
> Such grantor becomes "a tenant at sufferance of [the grantee] by the terms of the security deed and operation of law when [the grantee] bid[s] in the property at the foreclosure sale . . . . Based on the foregoing precedent from this state's appellate courts, United States Bankruptcy Courts have concluded that, under Georgia law, a debtor's equity of redemption

---

[6] In determining when the equity of redemption terminates, this opinion assumes there was a valid foreclosure conducted. As to other legal issues, Plaintiff has asserted wrongful foreclosure claims in other counts of his complaint, but he only seeks summary judgment on the legal question of when a debtor's equity of redemption terminates under Georgia law.

terminates on the date that the foreclosure
auction is held when the high bid is received.

Id. at 677 (citing Carrington v. Citizens' Bank of Waynesboro, 85
S.E. 1027 (Ga. 1915) and McKinney v. S. Bos. Sav. Bank, 274 S.E.2d
34 (Ga. Ct. App. 1980)) (internal citations omitted).

Plaintiff cites Tampa as support for his position that
"[u]ntil a deed under power is transferred and consideration is
passed, 'the sale has not occurred; there is only a contract to buy
and sell.'" Tampa, 723 S.E.2d at 678 (quoting FDIC v. Dye, 642
F.2d 837 (5th Cir. Unit B 1981).[7] As to the analysis of a borrower's
right of redemption, the Georgia Supreme Court concluded "a debtor's
equity of redemption terminates on the date the foreclosure auction
is held when the high bid is received" and "therefore, the Statute
of Frauds is irrelevant to the determination of when the right of
redemption held by a grantor of a security deed is extinguished."
Tampa, 723 S.E.2d at 677. The language cited by Plaintiff involves
a discussion of the issue of when a foreclosure becomes binding
between the lender and the purchaser (not upon the borrower), and

---

[7] The Tampa court addressed when the lender was entitled to seek
a deficiency from the guarantors and involved the analysis of the
Statute of Frauds. Tampa, 723 S.E.2d at 676-77. In Tampa, the
bank foreclosed on some of the properties secured by guaranties.
Id. at 676. Thereafter, the bank notified the borrower that these
foreclosure sales were rescinded. Id. The bank then sued on the
notes, without seeking confirmation of the foreclosure sales. Id.

AO 72A
(Rev. 8/82)

the court concluded "[u]ntil a deed under power is transferred and consideration is passed, the sale itself has not occurred; there is only a contract to buy and sell." Id. at 678.

The Georgia Supreme Court in Tampa expressly reiterated the language from two earlier Georgia cases (Carrington and McKinney) finding that a debtor's right to redemption expires when the foreclosure bid is accepted. Id. at 677; see also W. Lumber Co. v. Schnuck, 51 S.E.2d 644 (Ga. 1949)(citing Carrington and holding that the grantor's tender of payment the day after the foreclosure sale did not entitle him to a conveyance of the land or a cancellation of the security deed).

Furthermore, in rendering its decision, the Georgia Supreme Court in Tampa cited and relied upon numerous bankruptcy cases holding that a borrower's right to redeem terminates at the time the foreclosure sale is cried off and the bid is accepted. Tampa, 723 S.E.2d at 677 (citing Williams v. Suntrust Bank (In re Williams), 393 B.R. 813, 820 (Bankr. M.D. Ga. 2008); Sanders v. Amsouth Mortg. Co. (In re Sanders), 108 B.R. 847, 849 (Bankr. S.D. Ga. 1989); Pearson v. Fleet Fin. Ctr., Inc. (In re Pearson), 75 B.R. 254, 255 (Bankr. N.D. Ga. 1985)); see also Bishop v. GMAC Mortg., LLC (In re Bishop), 470 B.R. 633 (Bankr. M.D. Ga. 2011) (holding creditor did not violate automatic stay by recording deed

under power post-petition where pre-petition foreclosure sale terminated debtor's interest in property); In re Dillard, 2007 WL 521888, at *2 (Bankr. M.D. Ga. Feb. 7, 2007)(refusing to extend automatic stay to stop mortgage creditor's dispossessory action where the debtor's equity of redemption terminated pre-petition); Leggett v. Morgan (In re Morgan), 115 B.R. 399 (Bankr. M.D. Ga. 1990)(granting relief from the stay to permit eviction after concluding debtor's equity of redemption expired pre-petition); First Nationwide Mortg. Corp. v. Davis (In re Davis), 1998 WL 34066146, at *3 (Bankr. S.D. Ga. Jan. 21, 1998)(granting relief from the stay and holding property foreclosed upon pre-petition was not included in the bankruptcy estate).

Finally, after Tampa, bankruptcy courts have continued to find a debtor's right of redemption terminates upon the acceptance of the highest bid at foreclosure. See In re Cook, 614 B.R. 635, 644-45 (Bankr. N.D. Ga. 2020)(holding a debtor's right of redemption terminates automatically be operation of law at conclusion of the foreclosure sale and acceptance of the high bid); In re Taylor, 2018 WL 1267998, at *4 (holding borrower's equitable right of redemption terminated upon acceptance of bid); 21st Mortg. Corp. v. Johnson (In re Johnson), 2015 WL 778887, at *2 (Bankr. S.D. Ga. Feb. 23, 2015)(holding debtor's equity of redemption terminated

AO 72A
(Rev. 8/82)

upon sale to highest bidder on date of foreclosure sale even though foreclosure deed not recorded before bankruptcy filing); U.S. Bank Nat'l Ass'n v. Poole (In re Poole), 2015 WL 4039167, at *2 (Bankr. S.D. Ga. June 30, 2015)(holding debtor's equitable right of redemption terminated pre-petition); Gadson v. Fannie Mae (In re Gadson), 2013 WL 5817708, at *2 (Bankr. S.D. Ga. Oct. 29, 2013)(holding debtor's right of redemption terminated upon acceptance of high bid at foreclosure which occurred prior to the bankruptcy court injunction); In re Hinson Mgmt. Grp., Inc., 2012 WL 2175752, at *2-3 (Bankr. N.D. Ga. June 8, 2012)(finding right of redemption terminated pre-petition where foreclosure sale was conducted 19 minutes before petition filed).  Given the nature of the issue, it is not surprising the issue most often arises in the bankruptcy context.

Debtor cites In re Gooden, 21 B.R. 456 (Bankr. N.D. Ga 1982) and In re Geiger, 340 B.R. 422 (Bankr. M.D. Ga. 2006), both of which rely upon FDIC v. Dye, 642 F.2d 837 (5th Cir. Unit B 1981)[8] for his contention that his right of redemption is not lost until the deed under power is executed and delivered.  However, as noted

---

[8]  Fifth Circuit decisions entered prior to October 1, 1981 are binding precedent in the Eleventh Circuit. Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

in numerous previous holdings, <u>Dye</u> did not address when a debtor's right of redemption is extinguished under state law. <u>See</u> <u>In re Gadson</u>, 2013 WL 5817708, at *2; <u>In re Williams</u>, 393 B.R. at 818-19; <u>In re Sanders</u>, 108 B.R. at 847; <u>In re Pearson</u>, 75 B.R. at 255. Furthermore, the <u>Gooden</u> bankruptcy judge subsequently "retrenched" his <u>Gooden</u> analysis noting "it appears that <u>Gooden</u> should finally be cast aside" and held a debtor's equity of redemption expired when the foreclosure sale was conducted, not when the deed under power was executed. <u>In re Pearson</u>, 75 B.R. at 255.

Regarding the issue currently before the Court since Plaintiff's equitable right of redemption terminated pre-petition, Plaintiff did not have an interest in the Property when his bankruptcy petition was filed and therefore Plaintiff is not entitled to summary judgment on the issue of whether the automatic stay was violated by the post-petition execution, delivery, and recordation of the deed under power.

**Security Deed and Foreclosure Advertisement.**

Plaintiff argues the language of the security deed specifies that the foreclosure sale is not complete without the conveyance of the deed under power and relies upon the following portion of the Security Deed's Power of Sale provision:

> Lender may execute and deliver to the purchaser . . . at any such sale a sufficient conveyance of the Property .

AO 72A
(Rev. 8/82)

. . . sold. Lender's conveyance may contain recitals as to the occurrence of an Event at Default . . . . The recitals made by Lender shall be binding and conclusive upon Grantor, <u>and the sale and conveyance made by Lender shall divest Grantor of all right, title, interest and equity that Grantor may have had in, to and under the Property</u> . . . and shall vest the same in the purchaser . . . at such sale.

Dckt. No. 39, Ex. 1, p. 6 (emphasis added). However, this language does not address when a debtor's right of redemption expires. It merely states the sale and conveyance terminates any interest the debtor "may have had" in the property. <u>Id.</u> As previously discussed, by operation of Georgia law, Debtor's equity of redemption terminated at the foreclosure sale and therefore Debtor is not entitled to summary judgment on his request for a declaratory judgment on this issue.

Debtor also cites the following language from the foreclosure ad[9] as support for his contention that the sale is not final at the bidding: "The sale will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the security deed." Dckt No. 55, Ex. 1 (Notice of Sale Under Power). However, this provision does not address when a debtor's equity of redemption expires.

---

[9] See <u>supra</u> n. 6.

AO 72A
(Rev. 8/82)

This language alerts a potential purchaser of the possibility that a bankruptcy may be filed before the property is cried off and alerts the parties that an audit will take place. The final amount of the debt is different from the issue of when the right of redemption terminates. The cited language from the security deed and the advertisement do not change this analysis.

## CONCLUSION

For these reasons, examining the evidence in the light most favorable to MEB, the Court finds Plaintiff is not entitled to summary judgment and therefore the Renewed Motion for Summary Judgment is ORDERED DENIED.

**[END OF DOCUMENT]**